No. ——
First Circuit Appeal

---

W. P. SULLIVAN v. M. P. BRODERICK

(May 15, 1925, Opinion and Decree)
(June 30, 1925, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Sales—Par. 185, 186; Brokers—Par. 1.
One who bargains with another who in turn has a contract with a third party to deliver a certain quantity of potatoes, cannot recover from the third party for the price of the potatoes delivered to the other, as the party with whom he dealt was not the agent of the third party.

Appeal from the Parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

This is a suit to recover the price of potatoes sold and delivered.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Shelby Taylor, of Baton Rouge, attorney for plaintiff, appellant.

H. P. Breazeale, of Baton Rouge, attorney for defendant, appellee.

LECHE, J. Plaintiff seeks to recover from defendant the sum of one hundred and fifty-three and 63-100 dollars, the price of 12,291 pounds of potatoes, which he alleges to have sold and delivered to defendant.

Plaintiff does not claim, in his testimony, to have negotiated the sale directly with the defendant, but with Guy Mondart, who, he says, was the authorized agent of defendant. The weakness of his case lies in the fact that Mondart had no authority on the part of defendant to enter into the alleged contract of sale. Defendant agreed to purchase a carload of potatoes from Mondart who was to get the potatoes wherever he could, provided the car was delivered loaded to defendant in time to be shipped from Baton Rouge on the 14th and to be delivered in Memphis, Tenn., on Monday, the 16th of April, 1924. Defendant did not treat or bargain with plaintiff, nor did he know plaintiff at all in the transaction. The contract was entirely between himself and Mondart. The car was only made ready for moving on the 15th, and did not reach Memphis until several days later. When Mondart brought the bill of lading, defendant at first refused to accept it as representing a delivery of the potatoes, because it was too late. After some discussion, however, it was then agreed that defendant would take the potatoes on consignment and sell them in open market for account of Mondart. He gave Mondart a check for one hundred and fifty dollars on account, the balance of the proceeds to be turned over to Mondart

upon .receipt of the account sales from Memphis. A notation written in ink upon the face of the check was made to that effect at the time.

These facts are positively and unhesitatingly testified to by Broderick, who is corroborated by the witness, H. Stein, and by the memorandum of .agreement on the check. Plaintiff evidently misunderstood Mondart or was the victim of Mondart's misunderstanding. His claim was properly rejected by the District Court.

The judgment appealed from is affirmed.